386   PEOPLE ex rel. SEARS v. BOARD OF ASSESSORS.

Second Department, July Term, 1879.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY SEARS, Appellant, v. THE BOARD OF ASSESSORS OF THE CITY OF BROOKLYN, Respondent.

*Militiamen not entitled to any deduction from the amount of their assessment for taxation — Sect. 253 of chap. 80 of 1870 repealed by sect. 59 of chap. 223 of 1875.*

Section 253 of chapter 80 of 1870, entitling members of the national guard to a deduction of $1,000 from the assessed valuation of their real and personal property, was repealed by section 59 of chapter 223 of 1875. The latter act is applicable to those who had enlisted prior to its passage, and whose term of service had not then yet expired.

APPEAL from an order made at Special Term, in this proceeding, denying the application made by the relator for a peremptory mandamus to compel the assessors of the city of Brooklyn to vacate and set aside the assessments of taxes, entered against the property of Henry Sears, upon their books for the years 1875, 1876, 1877 and 1878, on the ground that he was a member of the national guard, having enlisted therein on June 22, 1874.

*David E. Gwynne*, for the relator.

*William C. DeWitt*, for the respondent.

DYKMAN, J.:

It was provided by the law, for the enrollment and organization of the national guard of the State of New York, that every com-

missioned officer, and every non-commissioned officer, musician and private of the national guard shall be exempt from jury duty, and shall be entitled to a deduction from the assessed valuation of his real and personal property to the amount of $1,000 during the time he shall perform military duty. (Laws of 1870, chap. 80, § 253.) This provision was, doubtless, intended as an inducement to voluntary enlistments into this military organization. Notwithstanding that, however, it was one which the Legislature might at any time modify or repeal, and the enrollment of the relator constituted no impediment to the exercise of that right as to him. (*People* v. *Roper*, 35 N. Y., 629.)

Accordingly, we find that in the year 1875 the Legislature amended this provision of the law, and entirely omitted all immunity from taxation by reason of membership in the military organization. (Laws of 1875, chap. 223, § 59.)

The relator is, therefore, in error in supposing that he is entitled to any deduction from the assessed valuation of his real estate, by reason of his membership or services in the national guard, and his application was properly denied.

Order affirmed, with costs and disbursements.

Present — Barnard, P. J., Gilbert and Dykman, JJ.

Order affirmed, with costs and disbursements.